**FILED**
**FEB 29 2012**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.<br>425 Third Street, SW, Suite 800<br>Washington, D.C. 20024,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF<br>TRANSPORTATION,<br>1200 New Jersey Avenue, SE<br>Washington, DC 20590,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case: 1:12-cv-00324<br>Assigned To : Roberts, Richard W.<br>Assign. Date : 2/29/2012<br>Description: FOIA/PRIVACY ACT |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Transportation ("DOT") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its public interest mission, Plaintiff

regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant is an agency of the U.S. Government and is headquartered at 1200 New Jersey Avenue, SE, Washington, DC 20590. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On January 4, 2012, Plaintiff submitted a FOIA request to the Federal Railroad Administration ("FRA"), a component of Defendant, by facsimile and certified mail, seeking access to the following public records:

> All documents, communications and correspondence (including electronic email) transmitted between the Federal Railroad Administration and the California High Speed Rail Authority addressing or relating to the route alternatives under consideration for the proposed California High Speed Rail within Madera County and Merced County, California.

6. FRA acknowledged receipt of Plaintiff's request by letter dated January 5, 2012. FRA's acknowledgement letter did not state whether a determination to comply with the request had been made. Nor did the letter notify Plaintiff of any such determination, the reasons therefor, or the right to appeal any adverse determination.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), FRA was required to determine whether to comply with Plaintiff's request within twenty (20) working days after its receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, the FRA's determination was due by February 3, 2012 at the latest.

8. As of the date of this Complaint, FRA has failed to: (i) determine whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reasons

2

therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

9.  Because FRA failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   February 29, 2012                             Respectfully submitted,

                                                       JUDICIAL WATCH, INC.

                                                       /s/ Paul J. Orfanedes
                                                       Paul J. Orfanedes
                                                       D.C. Bar No. 429716

                                                       /s/ David F. Rothstein
                                                       David F. Rothstein
                                                       D.C. Bar No. 450035
                                                       425 Third Street, S.W., Suite 800
                                                       Washington, DC 20024
                                                       (202) 646-5172

                                                       *Attorneys for Plaintiff*